**STATE, ex rel. DEPARTMENT OF LIQUOR CONTROL, Appellee, v. MIECZNIKOWSKI, d. b. a. WADE PARK BOWLING ALLEY, Appellant.**

Ohio Appeals, Tenth District, Franklin County.

No. 4872.   Decided March 12, 1953.

C. William O'Neill, Atty. Genl., Ralph N. Mahaffey, Asst. Atty. Genl., Columbus, for appellee.

John P. Butler, Cleveland, for appellant.

## OPINION

By THE COURT.

This is a law appeal from the judgment of the Common Pleas Court affirming the order of the Board of Liquor Control revoking the appellant's D-1 and D-2 permits.

We have examined the entire record and are in accord with the findings of Judge Randall that the order of the Board is supported by reliable, probative and substantial evidence.   We adopt the reasoning set forth by him in his opinion.

We note that the appellant contends that §6064-54 GC, is unconsti-- tutional being in violation of **Article II, Section 26 and Article II, Sec-**

tion 16, Ohio Constitution. It is urged that Section 26 is violated in that the law does not have uniform operation throughout the state; that in some instances it has been used to revoke certain liquor permits, but that in others it left them in full force and effect. We find no merit in this claim. The operation is uniform throughout the state, but the penalty for the violation is flexible. We likewise find no violation of **Article II, Section 16, Ohio Constitution**, which provides:

"No bill shall contain more than one subject which shall be clearly expressed in its title * * *."

Appellant contends that the statute is not limited to a single subject and is therefore unconstitutional. The appellee insists that only one subject is involved, to wit, a system for the control of the manufacture of beer and intoxicating liquors in this state. We are in agreement with this conclusion, but even if there were a constitutional violation, it would not invalidate the statute. It has been held on numerous occasions that the constitutional provision is directly only. **Pim v. Nicholson, 6 Oh St 176; Seeley v. Thomas, 31 Oh St 301; State, ex rel. v. Mulhern, 74 Oh St 363; Bloom v. Xenia, 32 Oh St 461; State of Ohio, ex rel. v. Covington, 29 Oh St 102.**

We are of the opinion that the statute is capable of interpretation and is not so vague and indefinite that it fails to state an offense as urged by the appellant.

Finding no error in the record the judgment will be affirmed.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.